**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| JOSHUA WALZ, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART INC., a Foreign Profit Corporation; DELIVERY DRIVERS, INC., a Foreign Profit Corporation; and ASHLEY HATFIELD, individually and her marital community, if any,<br><br>Defendants. | Case No. 3:23-cv-06083<br><br>**DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Clerk's Action Required] |

**TO:**     **CLERK OF THE COURT**

**AND TO:**     **PLAINTIFF JOSHUA WALZ AND HIS ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant Walmart Inc. ("Walmart") hereby removes the above-captioned action, filed in the Superior Court of Washington in and for Pierce County, to the United States District Court for the Western District of Washington. Walmart invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441 and states the following grounds for removal.

1.     On October 23, 2023, Plaintiff Joshua Walz ("Plaintiff") filed his Complaint for Damages in the Superior Court of the State of Washington, County of Pierce, as styled and

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 1
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

1.  captioned above ("Complaint").  The matter was given Case No. 23-2-10696-8 and is currently assigned to Judge Matthew H. Thomas in Department 13 ("State Court Action").  Pursuant to 28 U.S.C. §1446(a), attached as Exhibit A is a true and correct copy of Plaintiff's Complaint for Damages filed in the State Court Action.

2.  This case is brought as a putative class action for damages under the Revised Washington Labor Code brought against Walmart, Delivery Drivers Inc. ("DDI"), and an individual defendant, Ashley Hatfield ("Hatfield") (collectively, "Defendants").  Plaintiff brings claims against Defendants Walmart, DDI, and Hatfield for alleged failure to pay minimum wages, tips, and overtime wages, ensure rest periods, provide meal periods, allow for accrual and use of paid sick leave, and compensate for alleged violations.  Plaintiff also alleged Defendants engaged in "willful withholding of wages" as defined by the Washington Wage Rebate Act. (Complaint, ¶ 10.2.)  In the Complaint, Plaintiff derives his claims from Defendants' alleged policy which allegedly "misclassified Plaintiff and members of the putative class as independent contractors when they were Defendants' employees." (*Id.* at ¶ 4.42.)  Based on the allegations in the Complaint and on behalf of himself and the putative class action members, Plaintiff seeks damages for unpaid wages, exemplary damages "in amounts double the wages due," attorneys' fees, cost, prejudgment interest, and class certification. (*Id.* at p. 19–20.)

3.  Plaintiff served the Complaint upon Walmart on October 26, 2023.  Plaintiff served the Complaint upon Defendant Hatfield on October 25, 2023.  To Walmart's knowledge, DDI has not been served.  Other than the exhibits attached to the Declaration of Adam T. Pankratz in Support of Walmart's Notice of Removal of Action to Federal Court ("Pankratz Decl."), no other pleadings, proceedings, or orders have been filed or served in this action.

4.  Walmart's counsel also represents Hatfield.  She has informed Walmart of her consent to Walmart's removal of this action.  Walmart has not ascertained DDI's position for or against the Notice of Removal.  Walmart's counsel has also communicated with Plaintiff's

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 2
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

counsel, who has informed Walmart's counsel that Plaintiff stated that cannot at this time consent to removal.

5. This Notice has been filed within 30 days of service of the Complaint upon Walmart. Accordingly, the requirement of 28 U.S.C. § 1446(b) that removal occur within 30 days of service of the Complaint has been satisfied.

6. Additionally, the statutory requirement of 28 U.S.C. § 1446(c) has been met, as the Notice of Removal has been filed within one year of the commencement of the State Court Action (October 23, 2023).

7. Walmart denies liability on all claims alleged in this action, denies that Plaintiff and the putative class are employees, denies that class certification is proper, denies that Plaintiff and putative class members have been damaged in any amount, and reserves all rights and defenses in these regards. However, for the purposes of meeting the jurisdictional requirements of removal only, Walmart submits that this Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are 100 or more members in Plaintiff's proposed class; (b) at least some members of the proposed class, including Plaintiff himself, have a different citizenship from one or more defendants; and (c) the claims of the proposed class members, in the aggregate, exceed the sum or value of $5,000,000, exclusive of interest and costs.[1] 28 U.S.C. §§ 1446, 1453; *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (explaining that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." (internal quotation marks omitted)).

---

[1] Walmart will rely on plausible allegations to make this showing. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 81 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions.").

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 3
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

## I.   CLASS ACTION FAIRNESS ACT JURISDICTION

**A.   Plaintiff's Proposed Class Consists of More Than 100 Members.**

8.   To establish CAFA jurisdiction, the number of putative class members of all proposed plaintiff classes in the aggregate must equal or exceed 100. 28 U.S.C. § 1332(d)(5)(B). At Paragraph 5.1 of the Complaint, Plaintiff defines the putative class he seeks to represent as follows:

> All individuals currently or formerly contracted directly by Defendants to provide delivery services to Walmart in Washington at any time since October 23, 2020, and paid in whole or in part on a piecework, commission, or other productivity basis.

9.   Plaintiff's reference to "Spark App" refers to individuals who provide delivery services through Walmart's Spark Driver platform, an app-based delivery platform that allows independent contractor drivers to receive opportunities to deliver grocery and other general merchandise from stores to customers' homes. (*See generally* Complaint.)

10.   From the rollout of the Spark Driver platform in Washington in October 2019 through November 9, 2023, over 30,300 drivers have used the Spark Driver platform to complete deliveries in Washington, and more drivers are signing up weekly. Currently, there are over 27,900 active drivers on the Spark Driver platform. Thus, there are nearly 30,000 putative class members based on Plaintiff's class definition, well over the 100 putative class members required for removal under CAFA. 28 U.S.C. § 1332(d)(5)(B).

**B.   Diversity Of Citizenship Is Established.**

11.   Pursuant to 28 U.S.C. § 1332(d)(2), diversity of citizenship is established since members of Plaintiff's proposed class are citizens of Washington, and Walmart is not a citizen of Washington.

12.   Plaintiff is a resident of and domiciled in Washington (Complaint, ¶ 3.4), and as such, is a citizen of Washington for diversity of citizenship purposes. *See Morris v. Gilmer*, 129 U.S. 315, 328–29 (1889); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A] person's state citizenship is . . . determined by her state of domicile").

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 4
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

13. For purposes of diversity jurisdiction, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its "principle place of business." 28 U.S.C. § 1332(c)(1).

14. Walmart is a corporation incorporated under the laws of Delaware, and is recognized by Plaintiff as such. (Complaint, ¶ 3.1.)

15. A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" or its "nerve center," and "in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009); *Wilmington Trust Co. v. Boeing Co.*, No. C20-0402-RSM-MAT, 2020 WL 4004575, at *3 (W.D. Wash. June 8, 2020). Under this test, Walmart's principal place of business is Arkansas because its "nerve center" is in Arkansas. Walmart maintains its corporate headquarters at 702 SW 8th Street, Bentonville, AR 72716, where its officers direct, control, and coordinate the corporation's activities. Moreover, Plaintiff has acknowledged that Walmart "maintains a principal place of business in Bentonville, Arkansas." (Complaint, ¶ 3.1.)

16. As such, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c), Walmart is and has been for all times relevant a citizen of the State of Delaware and the State of Arkansas.

17. Because Plaintiff is a citizen of Washington who sues on behalf of putative class members that "provide delivery services to Walmart in Washington," while Walmart is a citizen of Delaware and Arkansas, at least one putative class member and one defendant, Walmart, are diverse from one another.[2] As such, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) has been met.

---

[2] While it is not necessary to consider DDI's citizenship given the minimal diversity between Walmart and putative class members, Plaintiff alleges that DDI is a citizen of California (Complaint, ¶ 3.2), which would also establish minimal diversity. Plaintiff also named Hatfield, an eCommerce Team Lead in Walmart's Tumwater location, as a defendant. (Complaint, ¶ 3.3.) Hatfield's presence as a defendant is improper, but fails to impact minimal diversity between Walmart and putative class members under 28 U.S.C. § 1332(d)(2)(A).

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 5
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

C.     **The Aggregate Amount In Controversy Exceeds $5,000,000.**

18.     Walmart maintains that Plaintiff's claims are without merit, that neither Plaintiff nor the putative class members are entitled to damages, penalties, or any other relief they seek in this action, and that class certification would be inappropriate. For purposes of meeting the jurisdictional requirement of removal *only*, Walmart submits that the aggregate amount "in controversy" for all putative class members exceeds the sum or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

19.     In determining the amount in controversy, the court must "accept[] the allegations contained in the complaint as true and assume[] the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017); *see also Berry v. Transdev Serv., Inc.*, No. C15-1299RAJ, 2016 WL 11261499 (W.D. Wash. 2016). "[T]he burden [to remove] remains with the defendant, it is not a daunting one . . . . [A] removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *54-40 Brewing Co. LLC v. Truck Ins. Exchange*, No. C21-5586 BHS, 2021 WL 6124788 (W.D. Wash. Dec. 28, 2021).

20.     Here, Plaintiff seeks, *inter alia*, damages for unpaid minimum wages and tips, unpaid overtime wages, unpaid rest and meal periods, and unpaid sick leave. Plaintiff also seeks exemplary damages "in amounts double the wages due" for "willful withholding of wages" under the Washington Wage Rebate Act (RCW 49.52.070). (Complaint, p. 20.) Lastly, Plaintiff seeks attorneys' fees.

21.     In establishing that the amount in controversy exceeds the $5,000,000 threshold, Walmart makes the following reasonable assumptions based on Plaintiff's Complaint and the facts regarding the drivers who have completed delivery orders using the Spark Driver platform

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 6
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

in Washington (*Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (defendant permitted to "rely on reasonable assumptions" in making showing on the amount in controversy for CAFA removal)):

    a.    The putative class, as defined by Plaintiff, is comprised of "all individuals currently or formerly contracted to provide delivery services to Walmart in Washington" and "who were paid in whole or in part on a piecework, commission, or other productivity basis" since October 23, 2020. (Complaint, ¶ 5.1.) Walmart's Spark Driver platform was activated and available for use in selected locations in Washington beginning in October 2019.[3] As stated in the Complaint, putative class members used Walmart's Spark Driver platform to provide delivery services. (Complaint, ¶ 4.3.) The total number of drivers who completed at least one delivery in Washington using the Spark Driver platform from October 2019 to November 9, 2023 (all of whom are/were classified as independent contractors) is approximately 30,300, with over 27,900 currently registered users of the Spark Driver platform as of November 9, 2023. Thus, Walmart assumes, for purposes of establishing jurisdiction, that the total number of putative class members is approximately 30,000.

    b.    In total, putative class members provided delivery services for approximately 842,000 days (*i.e.*, the addition of the number of days in which each driver completed at least one trip on the Spark Driver platform) and actively provided delivery services for a total of 3,759,500 hours (*i.e.*, the addition of all time periods in a day where a driver was actively engaged in transporting and delivering orders) ("engaged time") from October 2019 to November 9, 2023. Based on this data, on average, putative class members were engaged on the Spark Driver platform for approximately 4.5 hours a day.

---

[3] In Washington, activity on the Spark Driver platform was limited to a handful of locations prior to the October 23, 2020 putative class period Plaintiff identified.

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 7
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

    c.    Walmart assumes, for the purposes of establishing the jurisdictional threshold, that, for those days in which the driver exceeded 4 hours of engaged delivery time, the driver did not receive a duty-free rest period and did not receive compensation for a missed rest period. Similarly, Walmart assumes that, for those days in which the driver exceeded 5 hours of engaged delivery time, the driver did not receive a duty-free meal period and did not receive compensation for a missed meal period.

    d.    Walmart will assume, for purposes of establishing jurisdiction, that the hourly rate paid to any putative class members from October 2020 to November 9, 2023 is an average of the Washington state minimum wage across 2021 to 2023, $14.64.[4]

### 1. Unpaid Rest and Meal Period Claims

22. Under Washington law, an employee who works four hours is entitled to at least a 10-minute rest period. RCW 49.12 (Washington Industrial Welfare Act ("IWA")); WAC 296-126-092(4). Additionally, an employee who works more than five hours is entitled to a 30-minute meal period. If an employer fails to provide an employee with either a rest or meal period, an employee can recover additional compensation—for meal periods, 30 minutes, and/or for rest periods, 10 minutes. *Wingert v. Yellow Freight*, 146 Wash.2d 841, 849 (2002). Additionally, an employer's failure to provide a rest or meal period constitutes a wage violation. *See id.*

23. Plaintiff's second cause of action alleges that Defendants violated the rest period mandate under the IWA and its implementing statute by, among other things, "failing to ensure Plaintiff and members of the putative class received a ten-minute paid rest period for every four hours worked."[5] (Complaint, ¶ 7.5.) Additionally, Plaintiff claims Defendants failed to

---

[4] The average minimum wage was calculated by taking the average of the Washington minimum wage across three years: 2021 ($13.69), 2022 ($14.49), and 2023 ($15.74). *See* MWA, RCW 49.26.020 (identifying the Washington state minimum wage for 2021); WSR 21-20-086 (identifying the Washington state minimum wage for 2022); WSR 22-20-018 (identifying the Washington state minimum wage for 2023).

[5] Plaintiff cited three additional "acts or omissions" as violating the IWA: (1) "failing to keep records of the occurrence, time, and duration of rest periods taken;" (2) "failing to implement a process for Plaintiff and

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 8
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

compensate Plaintiff and putative class members "for an additional ten minutes of work for each instance a rest period was not provided," and for a "rest period separately and in addition to piecework, commission, and/or other productivity-based wages." (*Id.*)  As such, Plaintiff claims Defendants also violated the Washington Minimum Wage Act ("MWA") and Washington Wage Payment Act ("WPA").  Accordingly, Plaintiff alleges he and putative class members are entitled to damages.

24. Plaintiff's third cause of action alleges that Defendants failed to "provide Plaintiff and members of the putative class with compliant thirty-minute meal periods," and further, failed to provide compensation "for each instance a meal period was not provided," for meal periods separately, and "in addition to piecework commission, and/or other productivity based wages." (Complaint, ¶ 8.5.)  As a result, Plaintiff alleges, Defendants violated the IWA, MWA, and WPA, and as such, Plaintiff and the putative class members are entitled to damages.

25. Based on Plaintiff's allegations, it is reasonable to assume that putative class members missed one rest period each day that putative class members were engaged on the Spark Driver platform given that the average number of engaged hours was nearly 4.5 hours per day.[6]  Likewise, given that average of nearly 4.5 hours, Walmart reasonably assumed that drivers would choose to provide delivery services for at least 5 hours on 15% of the total days, thus allegedly entitling them to a meal break. *See, e.g.*, *Ray v. Wells Fargo Bank, N.A.*, No. CV-11-01477-AHM-JCX, 2011 WL 1790123, at *7 (C.D. Cal. May 9, 2011) (finding defendant's assumption that each misclassified employee "missed one meal period and one rest period five times per week [*i.e.*, for every day of work] during each of their pay periods, and that all plaintiffs would recover maximum statutory penalties" was reasonable); *Berry v. Transdev Serv.*,

---

members of the putative class to report missed or otherwise noncompliant rest periods;" and (3) "creating work schedules, staffing levels and conditions of work that discouraged paid rest periods."

[6] Obviously given that the 4.5 hours represents an average, some drivers on any individual day may choose to provide services for less than 4 hours (and hence not be eligible for a rest break).  But by the same token, some drivers may deliver in excess of 8 hours per day, allegedly entitling them to two rest breaks that day.

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 9
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

*Inc.*, No. C15-1299RAJ, 2016 WL 11261499, at *3 (W.D. Wash. Jan. 11, 2016) (acknowledging "a defendant could rely upon assumptions so long as it relied upon evidence where possible").

26. Accepting Plaintiff's allegations as true, Plaintiff and putative class members can be reasonably estimated to seek damages for missed rest and meal periods in the amount of at least $2,383,197 from October 2020 to November 2023. Plaintiff's alleged missed rest period claim is calculated by multiplying the number of days in which putative class members were engaged on the Spark Driver platform (842,000 days) from October 2019 to November 2023 by the value of a missed 10-minute rest break ($2.44 per missed rest break) (842,000 days x $2.44 per missed rest period ($14.64 per hour / 1/6th of an hour) = $2,054,480). Given that this calculation includes a year of limited Spark activity in 2019-2020 (before the start of the putative class period) Walmart reduced the calculated damages by 20% to account for this time, resulting in estimated rest period damages during the putative class period of **$1,643,584.** In calculating Plaintiff's missed meal period claims, Walmart assumes a missed meal break on 15% of the work days given the average work day length of nearly 4.5 hours across putative class members.[7] Plaintiff's alleged missed meal period claim is calculated by multiplying 15% of the total number of work days (126,300 days) by the value of a missed meal period ($7.32 per missed meal period) (126,300 days x $7.32 rate per missed meal period ($14.64 average minimum wage per hour / 2 [half an hour]) = $924,516). As with the rest period claim, Walmart reduced the estimated damages by 20% to account for the period before the beginning of the putative class period, resulting in estimated meal break damages of **$739,613**. The sum of estimated damages for these two claims is $**2,383,197**.

27. Together, Plaintiff's and putative class members' second and third causes of action for failure to provide missed meal and rest periods puts into controversy a minimum of **$2,383,197**.

---

[7] Under Washington law, an employee is entitled to a missed meal period after 5 hours of work. Since the average amount of engaged time per driver is nearly 4.5 hours, it is reasonable to assume, for the purposes of establishing the jurisdictional amount, that putative class members missed a meal period on 15% of the total days delivery services were provided.

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 10
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

### 2. Withheld Wages Claim

28. Under Washington law, an employer may not withhold wages "willfully and with intent to deprive the employee of any part of his or her wages." RCW 49.52.050(2) (Washington Wages Rebate Act ("WRA")). If an employer violates this provision, an employee is entitled to recover "twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages." RCW 49.52.070.

29. In his fifth cause of action, Plaintiff claims Defendants' alleged "acts or omissions," as referenced in his "foregoing" second and third causes of action, constitute "willful withholding of wages" under the WRA. (Complaint, ¶¶ 10.2–10.5.) On that basis, Plaintiff and putative class members pray for relief in the form of "[e]xemplary damages in amounts double the wages due" for withheld wages as outlined in their second and third causes of action. (*Id.* at p. 20.) As such, the doubling of damages resulting from Plaintiff's and putative class members' prior claims yield at least $2,383,197. This amount is the total amount yielded by Plaintiff's and putative class members' second and third causes of action. Accordingly, the total amount put into controversy by Plaintiff's and putative class members' fifth cause of action is an additional **$2,383,197**.

### 3. Unpaid Sick Leave

30. Pursuant to the Washington Paid Safe and Leave Act, RCW 49.46.210, and its implementing regulations, WAC 296-128-620, an "employee must accrue at least one hour of paid sick leave for every forty hours worked . . . ." WAC 296-128-620. Employees must be compensated for sick leave at their "regular and normal wage." RCW 49.46.200.

31. In furtherance of Plaintiff's sixth cause of action, he alleges Defendants failed to allow Plaintiff or putative class members to accrue, and by extension, use paid sick leave in violation of the statute. (Complaint, ¶ 11.3). As relief, Plaintiff and putative class members seek reasonably estimated damages in the amount of $1,064,621. The total number of damages is calculated by multiplying the average Washington minimum wage rate between 2021 to 2023

DEFENDANT WALMART INC.'S NOTICE
OF REMOVAL OF ACTION TO FEDERAL
COURT - 11
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

($14.64) by the average amount of sick leave per driver (3 hours per driver) (dividing 3,759,500 [total number of engaged time in hours] by 30,300 [total number of drivers], then dividing by 40 hours) by the total number of drivers (30,300) ($14.64 hourly rate x 3 hours of sick leave x 30,300 drivers = $1,330,776). As with the meal and rest break claims, Walmart reduced this number by 20% to account for the period of activity prior to October 2020, resulting in estimated damages sought of **$1,064,621**.

32. In sum, Plaintiff's and putative class members' claim for unpaid sick leave puts a total amount of **$1,064,621** in controversy.

### 4. Attorneys' Fees

33. As set forth above, Plaintiff's claims for damages, taken together, put into controversy a minimum of **$5,831,015** (claims 2&3 + claim 5 + claim 6 = $5,831,015).

34. The amount in controversy also includes any attorneys' fees that may reasonably be awarded to Plaintiff's counsel throughout the entire course of this litigation. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, No. 18-55746, 2018 WL 3748667, at *6 (9th Cir. Aug. 8, 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are "at stake" in the litigation, [citation], and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.") (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

35. The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Stanton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) (citation omitted). Courts have found that "it is not unreasonable for a defendant to rely on this estimate" for purposes of removal. *E.g.*, *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012); *Rodriguez v. Evergreen Prof. Recoveries, Inc.*, No. C19-0184-JCC, 2021 WL 603319, at *2 (W.D. Wash. Jan.27, 2021) (recognizing the Ninth Circuit's 25% common fund benchmark). Here, 25% of Walmart's conservative calculation of the

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 12
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

amount in controversy would be **$1,457,754** ($5,831,015 estimated damages from claims 2, 3, 5 and 6 x .25).

36. Thus, the total amount put into controversy by Plaintiff's and putative class members' claims is at least **$7,288,769** ($5,831,015 damages + $1,457,754 attorneys' fees).[8]

37. In sum, while Walmart contends that Plaintiff's claims have no merit and cannot be certified for class treatment, because the amount in controversy in this action is at least $5,000,000, the jurisdictional threshold under CAFA is satisfied and removal is proper. *See* 28 U.S.C. § 1332(d).

## II.   VENUE

38. Plaintiff's State Court Action was commenced in the Superior Court of the State of Washington for the County of Pierce and, pursuant to 28 U.S.C. §§ 84(c), 1446(a), (b) and (c), and 1453, may be removed to this United States District Court for the Western District of Washington, which embraces Pierce County within its jurisdiction.

## III.   PROCEDURAL REQUIREMENTS

39. Walmart satisfied the procedural requirements for removal.

40. Pursuant to 28 U.S.C. § 1441(a), Walmart has removed this case to the district and division embracing the place where the State Court Action is pending.

41. Pursuant to LCR 101(b), Plaintiff's Complaint for Damages is attached hereto as Exhibit A.

42. Pursuant to 28 U.S.C. § 1446(b)(1) and § 1446(c)(1), this Notice of Removal is timely because it was filed within thirty (30) days of service of the Complaint on Walmart and within one year of commencement of the action.

43. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon all parties and a copy filed with the Clerk of Court of the Superior Court of the State of Washington, County of Pierce.

---

[8] This amount does not include the amount put into controversy by Plaintiff's overtime claim. (Complaint, ¶¶ 9.1–9.3.)

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 13
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

## IV. CONCLUSION

44. According to the reasons stated herein, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, the State Court Action may be removed to federal district court, and Walmart respectfully requests that it be so removed.

Respectfully submitted this 27th day of November, 2023.

> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>
> By: */s/ Adam T. Pankratz*
>   Adam T. Pankratz, WSBA #50951
>   1201 Third Avenue, Suite 5150
>   Seattle, WA 98101
>   Telephone: (206) 693-7057
>   Facsimile: (206) 693-7058
>   Email: adam.pankratz@ogletree.com
>
> *Attorneys for Defendant Walmart, Inc.*

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 14
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058

# CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of November, 2023, I served the foregoing DEFENDANT WALMART INC.'S NOTICE OF REMOVAL TO FEDERAL COURT via the method(s) below on the following parties:

James B. Pizl, WSBA #28969
Justin O. Abbasi, WSBA #53582
ENTENTE LAW PLLC
315 Thirty-Ninth Avenue SW, Suite 14
Puyallup, WA  98373-3690
Telephone:  (253) 446-7668
Email:    jim@ententelaw.com
          justin@ententelaw.com
          ari@ententelaw.com

*Attorneys for Plaintiff Joshua Walz*

☒   by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐   by **mailing** a true and correct copy to the last-known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☒   by **e-mailing** a true and correct copy to the last-known email address of each person listed above.

SIGNED THIS 27th day of November, 2023 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.

By: */s/ Cheryl L. Kelley*
      Cheryl L. Kelley, Practice Assistant
      cheryl.kelley@ogletree.com

DEFENDANT WALMART INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT - 1
Case No. 3:23-cv-06083

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206.693.7057 | Fax: 206.693.7058